NOTE: CHANGES MADE BY THE COURT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RITZ PROPERTIES, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SCOTTSDALE INSURANCE COMPANY, an Ohio corporation,<br><br>Defendant. | CASE NO.2:14-CV-3841 SVW (FFMx)<br><br>[~~PROPOSED~~] **PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION**<br><br>Discovery Cutoff:  None<br>Motion Cutoff:  None<br>Trial Date:  None |

After reviewing the Stipulation for Protective Order Governing Confidential Information, and good cause appearing, this Court orders as follows:

WHEREAS, Ritz and Scottsdale are presently involved in the above-captioned litigation pending in the United States District Court for the Central District of California (the "Litigation");

1.   This Order governs the use of all produced documents, responses to interrogatories and requests for admissions, deposition transcripts, and any other information, documents, objects or things, as well as any and all copies, abstracts,

digests, notes, and summaries thereof, that have been or will be produced by any party or third-party (the "Producing Party") in this Litigation pursuant to the Federal Rules of Civil Procedure. These materials are collectively referred to hereinafter as "Discovery Material."

2. Any Discovery Material produced by any party or third-party as part of discovery in this Litigation may be designated by the Producing Party as "CONFIDENTIAL" as follows:

    a. The Producing Party may designate as "CONFIDENTIAL" any Discovery Material that it produces in this Litigation which it believes constitutes, contains, reflects or discloses confidential, non-public information, research and analysis, development or commercial or personal information, proprietary or trade secret information, Discovery Material protected by the attorney-client and/or work product privileges, and/or other information for which a good faith claim of need of protection from disclosure can be made under the Federal Rules of Civil Procedure and/or other applicable law ("Confidential Material").

3. No Discovery Material shall be marked "CONFIDENTIAL" if it:

    a. Was known to the receiving party without obligation of confidentiality prior to disclosure by the Producing Party, as evidenced by the receiving party's written records;

    b. Is subsequently disclosed to the receiving party by a third-party having no obligation of confidentiality to the Producing Party with respect to such information;

    c. Is independently developed by employee(s) of the receiving party who had no access to such information before such development; or

  d. Is published or becomes generally known to the public through means not constituting a breach of this Order or an obligation of confidentiality to the producing party.

  e. Furthermore, information already in the possession of the Receiving Party shall not become Confidential Information merely because the Producing Party produces copies stamped Confidential Information.

4. Any Discovery Material that is produced during this Litigation voluntarily, in response to a discovery request, or pursuant to a Court Order, in oral, written, or other form, including as part of any document, including but not limited to transcripts, exhibits, answers to interrogatories, as well as any physical object, recording, electronic file, or other thing, that is asserted by the Producing Party to contain or constitute Confidential Material shall be so designated by the Producing Party.

  a. Documents and Physical Items: If Confidential Material is contained in a document or other physical item, such documents and physical items shall be clearly and prominently marked on their face with the appropriate legend: "CONFIDENTIAL".  When an item (such as a disk) containing more than one electronic file is produced and the item bears a confidentiality stamp, all electronic files on that disk shall be deemed so designated unless an individual file on the item contains a higher designation.

  b. Transcripts: Deposition or other pretrial testimony may be designated as "Confidential" by (i) a statement on the record, by counsel, at the time of such disclosure, or (ii) written notice sent to all counsel of record for the parties within fifteen (15) business days after receipt of the transcript of the deposition or other pretrial testimony

unless the parties agree to an extension of this time period for designation. Notwithstanding any provision of this subsection, Discovery Material used or referenced during a deposition or other pretrial testimony shall maintain any confidentiality designation accorded such material hereunder regardless of the designation of any part of the transcript.

  c. Information in Other Forms: All Confidential Material not reduced to documentary, tangible, or physical forms or that cannot be conveniently designated shall be designated by the Producing Party by notifying all parties of the appropriate designation in writing.

 5. In the absence of written permission from the Producing Party or Court Order, Discovery Material designated as "CONFIDENTIAL" shall not be disclosed to any person other than the following individuals, who are each deemed a "Qualified Person" under this Paragraph:

  a. counsel of record for parties to this Litigation (including coverage counsel) and their support staff, including paralegals and clerical assistants;

  b. opposing parties and their representatives, officers, agents, and/or employees who are directly involved in, and whose access to such Discovery Material is reasonably required for, the management, prosecution, defense, or settlement of this Litigation or the supervision of counsel of record;

  c. subject to the provisions of paragraph 7 below, non-party witnesses who are called to be deposed during discovery or trial, whether willingly or under subpoena issued by a court of competent jurisdiction over the witness;

  d. stenographic, court reporting, or clerical personnel;

-4-

19054773v1

   e. in-house counsel for the parties to this litigation;

   f. subject to the provisions of paragraph 7 below, experts and consultants and their staff who are employed for the purposes of this Litigation; and

   g. the Court, including necessary secretarial, clerical, and support personnel assisting the Court.

  6. The inadvertent or unintentional disclosure by the Producing Party of Confidential Material, regardless of whether the material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating to the same or related subject matter, provided that the Producing Party shall promptly upon discovery of the inadvertent or unintentional disclosure notify the receiving party in writing that the information is Confidential.  Such notification shall constitute a designation of the information and thereby subject it to the provisions of this Order.  Disclosure by the receiving party of inadvertently or unintentionally disclosed Confidential Material prior to receipt of such notice shall not be deemed a violation of this Order.  However, those persons to whom disclosure was made are to be advised by the receiving party that the information is Confidential and must be treated in accordance with this Order, and the receiving party must (1) make a good faith effort to retrieve and return all copies of such inadvertently disclosed information which have been disseminated to unauthorized persons, including any notes, summaries, compilations or other documents concerning same, and (2) immediately mark, in accordance with the designations made by the producing party, all copies of such inadvertently disclosed Confidential Material which are in the possession of authorized persons.

7.   No person described under Paragraphs 5(c) and 5(f) may access Discovery Material designated "CONFIDENTIAL" until such person agrees to be bound by the terms of this Order by executing the undertaking in Exhibit A. Before any other person described in Paragraph 5 is shown any Discovery Material designated "CONFIDENTIAL", that person must be shown a copy of this Protective Order and instructed that he or she is bound by its provisions.

8.   If Discovery Material subject to a claim of attorney-client privilege, work product protection, or any other privilege or immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product protection, or other ground for withholding production to which any Producing Party would otherwise be entitled.  Any inadvertently produced materials shall be returned promptly to the Producing Party upon request and all copies destroyed.

9.   The parties may also informally agree in writing that Confidential Material may be disclosed to a person not otherwise qualified under this Order to receive such information.  In the event that a party intends to disclose Confidential Material to a person not qualified to receive such information hereunder (for example, for use at a deposition), and the parties cannot informally agree, a party may request the Court rule on such disclosure.  The parties agree that the submission of Confidential Material to such person will be withheld pending the ruling from the Court.  If the Court orders, or if the Producing Party agrees, that access to or dissemination of Discovery Material submitted as Confidential Material shall be made to persons not qualified to receive such information hereunder, such matter shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and obligations arising from this Order, and such persons shall be considered subject to it, unless the Court finds that the Discovery Material does not constitute Confidential Material.

19054773v1

10. All Confidential Material produced in this Litigation may be used only for purposes of this Litigation, including the litigation itself, any appeals, and settlement and/or negotiations intended to resolve this Litigation. All Confidential Material shall be maintained and used by the parties and any person listed in Paragraph 5 only in the strictest of confidence and not disclosed to any other person without the prior, written consent of the Producing Party or upon order by the Court.

11. Deposition Procedures: In the event that a deposition in this litigation is attended by a person not authorized to receive Confidential Material, then any other party may have such person excluded from the deposition during any portion(s) of the deposition that it reasonably believes may result in the disclosure of its Confidential Material.

12. Response to a Subpoena /Court Order: In the event that a receiving party receives a subpoena or is ordered by another court or governmental entity to produce the Confidential Material of another party, the receiving party shall notify the Producing Party immediately of that subpoena, or order and shall promptly provide said subpoena or order, if it is in writing, to the Producing Party so that the Producing Party may object to the subpoena or order. If the Producing Party chooses to object to the subpoena or order, it shall provide a copy of said objection to the receiving party **and seek relief from the Court or agency who issued the subpoena or order. The receiving part shall not produce any Confidential Material in response to the subpoena or order prior to the date specified in the subpoena or order for compliance**. ~~If the receiving party receives nothing from the Producing Party prior to the time for its compliance with the subpoena or order, the receiving party may comply with its obligations under the subpoena or order.~~ **(FFM)**

-7-

13. In the event a party wishes to use any Confidential Material, or any papers containing or making reference to the contents of such material or information, in any pleading or document filed with the court in this Litigation, such pleading or document and Confidential Material shall be filed under seal utilizing the procedures set forth in Local Rule 79-5.1, until such time as the court orders otherwise or denies permission to file under seal. The sealed material, information, or papers shall plainly state on the first page of any bound or stapled document "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER." The restrictions, if any, that will govern the use of Confidential Material at trial or hearings will be determined at a later date by the court, in consultation with the parties.

14. Notwithstanding any other provision of this Order, a party producing Confidential Material may choose to withdraw its designation by doing so in writing.

15. Nothing in this Order or in the Parties' Stipulation for a Protective Order constitutes a finding or admission that any of the information disclosed or contained in the designated items is or is not confidential, and nothing herein shall prevent any party from contending, during the progress of this Litigation, that any or all of such information is not confidential. Any party may request from the Producing Party a change in the designation of any item or information and/or permission to disclose such item or information to persons in addition to those specified herein in Paragraph 5. Such request shall be in writing, state the grounds, and be served on all counsel including counsel for the Producing Party. The requested change shall occur or the requested permission shall be granted, unless an objection for good cause is served on the requesting party within twenty (20) business days after service of such request. In the event such objection is timely served, neither the requested change shall occur nor the requested permission shall

be granted, until the objection is resolved by written agreement of the parties or Order of this Court.  In any disagreement over a designation, the party making the designation bears the ultimate burden of showing that the designation is proper. No party to this Litigation shall be obligated to challenge the propriety of any designation, and a failure to do so shall not act as a waiver of its right to make a subsequent attack on the propriety of such designation, nor shall such failure to challenge constitute an admission that any information is, in fact, confidential. Any designation of information as Confidential Material shall govern hereunder unless and until such designation is modified by the designating party, the Court, or agreement of the parties.

      16.   Production by Non-Parties: If any Confidential Material is produced by a non-party to this Litigation, such non-party shall be considered a Producing Party within the meaning of those terms as used in the context of this Order and shall have the right to designate information as "CONFIDENTIAL."

      17.   The designation of any material in accordance with this Order as Confidential Material is intended solely to facilitate the preparation and trial of this Litigation, and treatment of such material by the parties in conformity with such designation will not be construed in any way as an admission or agreement by any party that the designated material constitutes or contains any trade secret, Confidential Material.

      18.   Upon final termination of this Litigation, each party and other person subject to the terms of this Stipulation for a Protective Order, including individuals required to execute the undertaking attached hereto as Exhibit A, shall, within sixty (60) days of said termination, and at the option of such receiving party, either (i) assemble (including from all officers, employees, and in-house counsel of the party, all support staff, and all experts and consultants) and return to the Producing Party all Discovery Material designated as "CONFIDENTIAL," including all

copies and other items of such Discovery Material; (ii) shred and discard all Discovery Material designated as "CONFIDENTIAL" by the Producing Party; or (iii) retain permanently all such Discovery Material so long as the receiving party continues to maintain confidentiality.

19. Nothing in this Order shall be construed to relieve any party from the obligation to timely respond to discovery requests, nor shall this Order be construed as a waiver of the right to assert any objection to a discovery request. Nothing contained in this Order requires a party to produce any document or information which is privileged, irrelevant, or not otherwise discoverable, and nothing in this Order shall be deemed a waiver of any right that any party might otherwise have under the Federal Rules of Civil Procedure or the Federal Rules of Evidence or the doctrines of attorney-client privilege or attorney-work product. Furthermore, nothing in this Order shall be construed as an admission of the relevance or admissibility of any of the material covered by this Order.  This Order also should not be construed as a waiver by any Party of the right to object on any ground to use in evidence of any of the material covered by this Order.

20. Nothing in this Order shall affect a party's use or disclosure of its own Confidential Material in any way.

21. Any modification of this Order, including the incorporation of any additional parties appearing in the litigation, must be made in writing.

IT IS SO ORDERED

DATED this **eighth** day of September, 2014

/S/ FREDERICK  F. MUMM
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITZ PROPERTIES, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SCOTTSDALE INSURANCE COMPANY, an Ohio corporation,<br><br>Defendant. | CASE NO.2:14-CV-3841 SVW (FFMx)<br><br>**UNDERTAKING PURSUANT TO PROTECTIVE ORDER** |

UNDERTAKING OF _____

STATE OF _____

SSN: _____

COUNTY OF _____

I, _____, being first duly sworn on oath, depose and say:

1. I have read and understand the contents of the Protective Order dated _____ , filed in the above captioned litigation, and attached hereto.

2. I am properly classified as a "Qualified Person" identified in Paragraph 5 of the Protective Order, and I agree to comply with the conditions provided in the Protective Order prior to any disclosure to me of documents, things

19054773v1

and/or any other information designated as containing, in whole or in part, "Confidential Material."

3. I expressly agree that all documents, things and information which are disclosed to me pursuant to the Protective Order shall be maintained in strict confidence, and I shall not disclose or use the original or any copy of, or the subject matter of any of the documents, things or the information they contain, except in accordance with the terms of the Protective Order.

4. I shall not use or refer to any of the documents, things and/or any information that falls within the terms of the Protective Order other than in connection with this litigation and as prescribed in the Protective Order.

5. Further, I shall, upon notification that this litigation has terminated, return any and all originals and/or copies of the documents and things to counsel for the party who provided such documents, and I shall destroy any notes or memoranda I have which in any way concern the substance embraced by such documents, things and/or information.

6. I do and shall subject myself to the continuing jurisdiction of the above-captioned Court over my person, wherever I shall be found, for purposes of enforcement of the Protective Order.

Date: _____          _____
                                        [Signature]


Subscribed and Sworn to before me this
_____ day of _____, 2014.


_____
    Notary Public